IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHARONE WYATT-BURNETT, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SELECTIVE INSURANCE COMPANY )<br>OF AMERICA, )<br>)<br>    Defendant. ) | Civil Case No. 3:08-689 |

## **ANSWER AND AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8, Defendant, Selective Insurance Company of America ("Selective" or the "Company"), by counsel, hereby submits its Answer and Affirmative Defenses ("Answer") in response to the Complaint filed by the Plaintiff, Sharone Wyatt-Burnett (the "Plaintiff" or "Ms. Burnett"), in the above-captioned action (the "Complaint").

## **INTRODUCTION**

Selective admits the allegations contained in the "Introduction" paragraph of the Complaint to the extent that this action purports to assert claims against the Company under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"). To the extent inconsistent with the foregoing, Selective denies the allegations in the "Introduction" paragraph of the Complaint and specifically denies that the Company has violated Title VII or Section 1981.

## **THE PARTIES**

1. As to the allegations contained in Paragraph 1 of the Complaint, Selective admits that Plaintiff is an African-American female. As to the allegations relating to Ms. Burnett's

residency, Selective is without sufficient knowledge to form a belief as to the truth of the matter asserted and, therefore, such allegation is denied.

2. With respect to the allegations contained in Paragraph 2 of the Complaint, Selective admits that it is a New Jersey corporation and employer with its headquarters located at 40 Wantage Avenue Branchville, New Jersey 07890. Selective denies that it has employed over 2,000 employees at all times during the events complained of in the Complaint. The remaining allegations in Paragraph 2 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Selective denies such allegations.

## JURISDICTION AND VENUE

3. As to the allegations contained in Paragraph 3 of the Complaint, it is admitted that this Court has jurisdiction and that venue is proper in this District. To the extent inconsistent with the foregoing admission, the remaining allegations of Paragraph 3 are denied.

## ALLEGATIONS COMMON TO ALL COUNTS

4. As to the allegations contained in Paragraph 4 of the Complaint, Selective admits Ms. Burnett was hired on or about May 8, 2006 as an assistant account executive by the Selective Service Center in Richmond, Virginia at an initial salary of $29,500. Selective further admits that Deborah Dzendzel hired Ms. Burnett and that one of her direct supervisors during her employment with the Company was Lisa Eckart, a team lead. Selective denies the remaining allegations of Paragraph 4.

5. As to the allegations contained in Paragraph 5 of the Complaint, Selective denies the allegations contained in the first sentence of Paragraph 5 of the Complaint. Selective admits that Ms. Burnett was hired as an assistant account executive and that generally assistant account executive positions include a lower level of compensation and performance-based bonuses and

incentives when compared to account executive positions.  Selective denies the allegations contained in the third sentence of Paragraph 5 of the Complaint.  Selective admits that the Company hired Rodney Paulus approximately three weeks after Ms. Burnett was hired and that his prior employment experience included skills that were transferable to the account executive position.  As to the remaining allegations contained in Paragraph 5 of the Complaint, Defendant is without sufficient knowledge to form a belief as to the truth of the matters asserted and, therefore, such allegations are denied.

      6.      As to the allegations contained in Paragraph 6 of the Complaint, Selective admits that, at a meeting that occurred on October 4, 2007, several topics were discussed and Ms. Burnett requested that she be promoted from assistant account executive to account executive and that she receive a raise.  Selective further admits that by July 2007, Ms. Burnett had been with the Company for over one year.  Selective admits that Ms. Burnett obtained her associate in underwriting and insurance services designation from the American Institute of Insurance, and the applicable insurance licenses.  Selective further admits that it awarded Ms. Burnett acceptable ratings on performance evaluations received prior to July 2007, as well as merit pay increases.  Selective denies the remaining allegations contained in Paragraph 6 of the Complaint.

      7.      As to the allegations contained in Paragraph 7 of the Complaint, Selective denies the allegations contained in the first and second sentences of Paragraph 7 of the Complaint.  Selective admits that Shannon Giddens is not a current employee.  Selective denies the remaining allegations contained in Paragraph 7 of the Complaint.

      8.      As to the allegations contained in Paragraph 8 of the Complaint, Selective admits that, on or about October 4, 2007, Ms. Burnett had a meeting with Ms. Eckart, which was requested by Ms. Burnett, to discuss Ms. Burnett's performance and her belief that she should be

promoted and receive a raise. With respect to the allegations contained in the second sentence of Paragraph 8 of the Complaint, Selective admits that Ms. Eckart asked Ms. Burnett if she believed that she was being treated fairly. Ms. Burnett replied in the affirmative, however, she expressed her belief that other unnamed employees, whose productivity and performance she believed were similar to hers, were being paid more money. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. As to the allegations contained in Paragraph 9 of the Complaint, Selective denies the allegations contained in the first and second sentences of Paragraph 9 of the Complaint. With respect to allegations contained in the third sentence of Paragraph 9 of the Complaint, Selective admits that Ms. Burnett became emotional during the October 4, 2007 meeting. As to the remaining allegations contained in Paragraph 9 of the Complaint, Selective is without sufficient knowledge to form a belief as to the truth of the matter asserted and, therefore, such allegation is denied.

10. As to the allegations contained in Paragraph 10 of the Complaint, Selective denies the allegations contained in the first sentence of Paragraph 10 of the Complaint. Selective admits that on or about October 30, 2007, Ms. Eckart received the latest in a series of complaints from one of Selective's independent agencies regarding Ms. Burnett's conduct. Selective further admits that because Ms. Burnett had generated multiple complaints by the end of October 2007, Ms. Eckart sent an email to Ms. Burnett counseling her to take action to prevent future recurrences. Selective denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. As to the allegations contained in Paragraph 11 of the Complaint, Selective admits the allegations contained in the first and second sentences of Paragraph 11 of the

Complaint. Selective further admits that Ms. Burnett spoke with Ms. Sohosky on several occasions after meetings were held; however, as to the allegations that Ms. Burnett called Ms. Sohosky on November 13, 2007 to discuss another criticism that Ms. Burnett allegedly deemed to be unfounded, Selective is without sufficient knowledge to form a belief as to the truth of the matter asserted and, therefore, such allegation is denied. Selective denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. As to the allegations contained in Paragraph 12 of the Complaint, Selective admits that Ms. Eckart informed Ms. Burnett by e-mail that Selective's work environment is not suited for everyone; Selective further avers that such e-mail speaks for itself and denies any allegation inconsistent with the content of such e-mail. Selective denies the remaining allegations contained in Paragraph 12 of the complaint.

13. As to the allegations contained in Paragraph 13 of the Complaint, Selective admits that Ms. Burnett spoke by telephone with Ms. Sohosky and Kimberly Burnett, however, as to the allegation that the phone call between Ms. Burnett, Ms. Sohosky and Kimberly Burnett occurred on December 13, 2007, Selective is without sufficient knowledge to form a belief as to the truth of the matter asserted and, therefore, such allegation is denied. Selective denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. As to the allegations contained in Paragraph 14 of the Complaint, Selective admits the allegations contained in the first two sentences of Paragraph 14 of the Complaint. As to the remaining allegations contained in Paragraph 14 of the Complaint, Selective admits that on December 13, 2008, Ms. Burnett was out of the office from 11:20 a.m. to 1:30 p.m. and had a meeting with Human Resources that afternoon. To the extent inconsistent with the foregoing admission, the remaining allegations of Paragraph 14 are denied.

15. Selective admits the allegations contained in Paragraph 15 of the Complaint.

16. As to the allegations contained in Paragraph 16 of the Complaint, Selective admits the allegations contained in the first and second sentences of Paragraph 16 of the Complaint. Selective admits that Ms. Eckart informed Ms. Burnett that she was using the wrong "not ready" codes. Selective admits that after Mr. Burnett indicated that her phone was working incorrectly, Ms. Eckart suggested that Ms. Burnett speak with IT about the issue. Selective denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. As to the allegations contained in Paragraph 17 of the Complaint, Selective admits that on January 11, 2008, a written disciplinary warning was issued to Ms. Burnett and Selective admits that at some point Ms. Burnett made Selective aware that she questioned the validity of complaints issued against her. Selective denies the remaining allegations contained in Paragraph 17 of the complaint.

18. Selective admits the allegations contained in Paragraph 18 of the Complaint.

19. Selective denies the allegations contained in Paragraph 19 of the Complaint.

20. As to the allegations contained in Paragraph 20 of the Complaint, Selective admits that Ms. Eckart, referring to her own mistake in miscalculating an attendance issue, stated words to the effect of "this is what happens when HR gets involved." Selective denies the remaining allegations contained in Paragraph 20 of the Complaint and therefore leaves the Plaintiff to her proof.

21. As to the allegations contained in Paragraph 21 of the Complaint, Selective admits the allegations contained in the first sentence of Paragraph 21 of the Complaint. Selective denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. As to the allegations contained in Paragraph 22 of the Complaint, Selective

admits that a meeting was held on February 8, 2008 to address Ms. Burnett's performance review, in which she received a rating of "performance inconsistently meets the requirements." Selective admits the allegations contained in the second, third, fourth and fifth sentences of Paragraph 22 of the Complaint. As to the allegations contained in the sixth sentence of Paragraph 22 of the Complaint, Selective admits that Ms. Burnett requested permission to submit a written memorandum, however, Selective denies that it denied this request. Selective denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. As to the allegations contained in Paragraph 23 of the Complaint, Selective admits the allegations contained in the first sentence of Paragraph 23 of the Complaint. As to the remaining allegations contained in Paragraph 23 of the Complaint, Selective is without sufficient knowledge to form a belief as to the truth of the matter asserted and, therefore, such allegation is denied.

24. As to the allegations contained in Paragraph 24 of the Complaint, Selective admits the allegations contained in the first sentence of Paragraph 24 of the Complaint. Selective further admits that Ms. Burnett was informed that her employment was terminated effective immediately because a professional relationship could no longer be maintained based upon events that had transpired over the previous several weeks. Selective further admits that Ms. Sohosky informed Ms. Burnett that no further explanation would be offered. Selective denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Selective denies the allegations contained in Paragraph 25 of the Complaint.

26. Selective denies the allegations contained in Paragraph 26 of the Complaint.

27. Selective admits that the Plaintiff has filed a charge with the Equal Employment Opportunity Commission, which charge speaks for itself, and Selective admits receiving a Notice

of Right to Sue dated on or about September 30, 2008. To the extent inconsistent with the foregoing admission, the remaining allegations of Paragraph 27 are denied.

## COUNT 1
## ACTION FOR RACE DISCRIMINATION UNDER TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-2

28. The allegations contained in Paragraph 28 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Selective denies such allegations.

29. The allegations contained in Paragraph 29 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Selective denies such allegations.

## COUNT II
## ACTION FOR RACE DISCRIMINATION UNDER
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 2000e-2

30. The allegations contained in Paragraph 30 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Selective denies such allegations.

31. The allegations contained in Paragraph 31 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Selective denies such allegations.

## COUNT III
## ACTION FOR RETALIATORY DISCHARGE UNDER TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-3

32. The allegations contained in Paragraph 32 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Selective denies such allegations.

33. The allegations contained in Paragraph 33 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Selective denies such allegations.

## COUNT IV
### ACTION FOR RETALIATORY DISCHARGE UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 1981

34. The allegations contained in Paragraph 34 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Selective denies such allegations.

35. The allegations contained in Paragraph 35 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Selective denies such allegations.

### PRAYER FOR RELIEF

With respect to that paragraph of the Complaint following numbered Paragraph 35 and beginning with "WHEREFORE," such paragraph constitutes a prayer for relief to which no response is deemed to be required under the Federal Rules of Civil Procedure. To the extent that a response is required, the Company denies that the Plaintiff is entitled to damages of any kind due to any act or omission of the Company; that the Plaintiff is entitled to compensatory damages of any kind due to any act or omission of the Company; that the Plaintiff is entitled to punitive damages of any kind due to any act or omission of the Company; that the Plaintiff is entitled to the cost of this suit, including reasonable attorneys' fees and witness fees due to any act or omission of the Company; and that the Plaintiff is entitled to any relief of any kind due to any act or omission by the Company.

With respect to any and all allegations not heretofore specifically admitted, Selective hereby denies those allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

At all applicable times, Selective acted in good faith and on the basis of legitimate, reasonable and non-discriminatory reasons with respect to Plaintiff's employment.  Neither Plaintiff's race, nor her alleged protected activity, was a motivating factor in any employment-related decision made by the Company.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff did not engage in protected activity because she did not have a good faith, reasonable belief that the activity she allegedly reported was unlawful under Title VII or Section 1981.

### THIRD AFFIRMATIVE DEFENSE

Upon the belief that further investigation and discovery will disclose facts supporting such allegations, Plaintiff has failed to mitigate damages, if in fact any damages are proven.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has received monies from third parties relating to the alleged losses in the Complaint, Defendant is entitled to a set-off for all such sums.

### FIFTH AFFIRMATIVE DEFENSE

This Court has no jurisdiction over claims alleged under Title VII of the Civil Rights Act of 1964 which exceed the scope of Plaintiff's charge filed with the Equal Employment Opportunity Commission because the prerequisites for suit required by Title VII have not been satisfied.

### SIXTH AFFIRMATIVE DEFENSE

Any claims alleged or sought to be alleged by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964 concerning alleged acts, policies or practices of Selective occurring more than 300 days before Plaintiff filed her charge with the Equal Employment Opportunity Commission are barred by the time limitations contained in Section 706(e) of Title VIII, 42 U.S.C. § 2000e-5(e).

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because: (a) Defendant exercised reasonable care to prevent and correct promptly any unlawful behavior; and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

Any claim for punitive damages should be dismissed because, to the extent any discriminatory employment decisions were made by any managerial agents, such decisions were contrary to the good faith efforts of Defendant to comply with Title VII and Section 1981.

Selective is presently without information concerning the availability and applicability of any other affirmative defenses in addition to those pled above and reserves the right to amend its Answer to plead any affirmative defenses or matters of avoidance required by Rule 4(c) of the Federal Rules of Civil Procedure which may be revealed as discovery progresses including, but not limited to, the after-acquired evidence doctrine.

Respectfully submitted,

SELECTIVE INSURANCE COMPANY OF AMERICA, INC.

By: \_\_\_\_/s/_____
King F. Tower
Virginia State Bar No. 38767
Counsel for Defendant
WILLIAMS MULLEN, P.C.
P.O. Box 1320
Richmond, Virginia 23218-1320
Telephone: (804) 643-1991
Facsimile: (804) 783-6507
ktower@williamsmullen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of November, 2008, I will electronically file the foregoing Answer with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Scott G. Crowley
> Virginia State Bar No. 31216
> Counsel for Plaintiff
> Crowley & Crowley
> The Meridian Building
> 1800 Bayberry Court, Suite 102
> Richmond, Virginia  23226
> cclawva@aol.com

By: ____/s/_____
> King F. Tower
> Virginia State Bar No. 38767
> Counsel for Defendant
> WILLIAMS MULLEN, P.C.
> P.O. Box 1320
> Richmond, Virginia 23218-1320
> Telephone: (804) 643-1991
> Facsimile:  (804) 783-6507
> ktower@williamsmullen.com

1675406v4